UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD LOUIS MARCRUM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:02CV1167 AGF |
| | ) | |
| AL LUEBBERS, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court[1] on the motion of Respondent [Doc. #40] to stay this Court's Order of September 30, 2005, granting habeas relief and ordering Respondent to release Petitioner or retry him within 90 days. Issuance of the stay requested by the State would have the effect of continuing Petitioner Marcrum's detention pending the parties' cross appeals.

Rule 23(c), Fed. R. App. C., provides:

While a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety.

As Petitioner Marcrum correctly notes, Rule 23(c) "undoubtedly creates a presumption of

---

[1] The parties consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c). Such consent includes the authority to determine the issue currently before the Court, namely, whether to stay the order granting habeas relief or release Marcrum pending appeal, under Rule 23(c) of the Federal Rules of Appellate Procedure. Foster v. Lockhart, 9 F.3d 722, 727 (8th Cir. 1993).

release from custody" pending appeal of such an order. Hilton v. Braunskill, 481 U.S. 770, 774 (1987).

Rule 23(c) specifically provides, however, that the court ordering such release may determine otherwise, and the Supreme Court in Hilton directed that "the general standards governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the State's appeal." Id., 481 U.S. at 776. Those factors are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id. The presumption of favoring release may be "overcome if the traditional stay factors tip the balance against it." Id.

The Supreme Court also noted that "the formula cannot be reduced to a set of rigid rules." Id. at 777. Matters that should bear on the court's determination include the risk of flight and the risk that the prisoner will pose a danger to the public if released. Also pertinent is the State's interest in continuing custody pending a final determination, which is "strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." Id. The Court further recognized,

> The balance may depend to a large extent upon determination of the State's prospects of success in its appeal. Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody

2

> is permissible if the second and fourth factors in the traditional stay analysis militate against release. Where the State's showing on the merits falls below this level, the preference for release should control.

Id. at 778 (citations omitted).

Upon review of the record, the parties' arguments, Federal Rule of Appellate Procedure 23(c), and the factors set forth in Hilton v. Braunskill, the Court finds that it is appropriate to issue a stay of the order granting habeas relief pending appeal. Although the Court does not find that the State has established a strong likelihood of success, the State does have a substantial case on the merits, and possibly on the statute of limitations question as well. As the Court noted in its order granting the certificate of appealability, reasonable jurists could determine the case otherwise.

With regard to the other pertinent factors, the Court finds that the State has a strong interest in Petitioner's continued custody, while Marcrum can demonstrate little harm from the issuance of the stay. Marcrum's convictions of first-degree murder and armed criminal action resulted in sentences of life without parole and a consecutive term of life imprisonment. Even if one assumes that Marcrum would have prevailed on his state of mind defenses, the likely result would not have been Marcrum's release, but rather a finding of guilty of second degree murder, which would have exposed Marcrum to a sentence of 10-30 years, or life, or a finding of not guilty by reason of insanity, which would have resulted in Marcrum's confinement in an institution. The Court further notes that Marcrum was originally ordered detained pending trial, and the record in this case demonstrates a long history of mental instability and episodes of violent

behavior after even brief periods of noncompliance with medication. As such, the Court finds that notwithstanding the issuance of habeas relief, the public has an interest in Marcrum's continued detention pending appeal. See Hernandez v. Dugger, 839 F. Supp 849, 853-54 (M.D. Fla. 1993) (order granting habeas relief stayed pending appeal and petitioner ordered to remain in custody where there was strong evidence of petitioner's guilt, petitioner posed a threat to the community, and the state had a substantial case on the merits).

Petitioner requested, in the alternative, that any stay issued by this Court be conditioned upon remanding Petitioner to the custody of the St. Louis Psychiatric Rehabilitation Center for treatment and evaluation. Inasmuch as the State has not responded to this request by Petitioner, the Court shall order further briefs by the parties on this alternative request.

Accordingly,

**IT IS HEREBY ORDERED** that **on or before December 13, 2005**, the State shall file a response to Petitioner's request that the Court condition the grant of a stay upon Respondent remanding Petitioner to the custody of the St. Louis Psychiatric

Rehabilitation Center for treatment and evaluation. Petitioner shall file any reply on this issue by **December 20, 2005**.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of December, 2005.